# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                               No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ;
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

     **THIS MATTER** comes before the Court on Defendant Anthony Ray Baca's oral motion

for a judgment of acquittal, under rule 29 of the Federal Rules of Criminal Procedure, as to

Count 8, which charges Baca with conspiracy to commit assault resulting in serious bodily injury against Julian Romero. Baca made that oral motion on Friday February 23, 2018 -- at the close of Plaintiff United States of America's case in chief -- and he argued that the uncontroverted evidence indicates that Romero did not actually suffer a serious bodily injury. See Draft Trial Transcript (held February 23, 2018) at 327:24-329:16 (Lowry)("Tr.").[1] See also Tr. at 328:13-15 (Lowry)(commenting that "we just heard Agent Acee testify that not even the prosecution could find a doctor or doctors that would agree that there was series bodily harm inflicted"). The United States orally replied that the Romero conspirators intended to inflict serious bodily injury to Romero -- or perhaps to kill him. See Tr. at 329:17-330:15 (Castellano). See also Tr. at 330:10-12 (Castellano)(commenting that "it's clear that the conspiracy was there and we don't need to prove the underlying injuries or the resultant injuries").

One week later, the United States filed a written response to Baca's rule 29 motion. See United States' Response to Defendant Baca's Rule 29 Motion Regarding Count 8 at 1, filed March 2, 2018 (Doc. 1848)("Response"). In the Response, the United States argues that the Court should not grant Baca's rule 29 motion, because "[t]he evidence at trial established that Defendant Baca conspired to murder J.R.," so "the intended harm would create a high probability of death or result in serious disfigurement," such that a reasonable jury could infer that Baca "conspired to commit the crime charged in Count 8." Response at 4. Notably absent from that Response is any argument that the trial evidence indicates that Romero suffered a serious bodily injury. See Response at 4. Indeed, Agent Bryan Acee testified that the medical professionals who treated Romero did not believe that he sustained a serious bodily injury. See 298:23-25 (Acee). See also Tr. at 299:2-4 (Acee)("And I needed a medical professional to

---

[1]The Court's citations to the trial transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

testify to that.  And they did not consider it serious bodily injury.").

Baca subsequently filed a written reply.  See Defendant Anthony Ray Baca's Reply in Support of His Rule 29 Motion to Dismiss Count 8 at 1, filed March 2, 2018 (Doc. 1852)("Reply").  In the Reply, Baca argues that "any purported conspiracy to assault Julian Romero did not result in serious bodily injury to him, and the United States does not make any claim that it did."  Reply at 3.  Baca also argues that "it was [Lupe] Urquizo that wanted to kill Julian Romero, not Defendant Baca."  Reply at 3.

Committing and conspiring to commit assault with intent to inflict serious bodily injury do not violate 18 U.S.C. § 1959 ("VICAR").  VICAR proscribes, instead, racketeering-motivated "assault[s] **resulting in** serious bodily injury" that also violate state or federal law.  18 U.S.C. § 1959(a) (emphasis added).  In Count 8, the United States charges Baca with "unlawfully, knowingly, and intentionally conspir[ing] to commit assault resulting in serious bodily injury to J.R., in violation of NMSA 1978, Sections 30-3-5 and 30-28-2."  Second Superseding Indictment at 14, filed March 9, 2017 (Doc. 947)("Indictment").  N.M. Stat. Ann. § 30-28-2 defines New Mexico's conspiracy offense.  See N.M. Stat. Ann. § 30-28-2.  N.M. Stat Ann. § 30-3-5 defines aggravated battery as "the unlawful touching or application of force to the person of another with intent to injure that person or another," N.M. Stat. Ann. § 30-3-5(A), and it distinguishes between misdemeanor aggravated battery, which is "commit[ing] aggravated battery [and] inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body," N.M. Stat. Ann. § 30-3-5(B), from felony aggravated battery, i.e., "commit[ing] aggravated battery [and] inflicting great bodily harm or do[ing] so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted," N.M.

Stat. Ann. § 30-3-5(C).  One can thus commit felony aggravated battery, under N.M. Stat. Ann. § 30-3-5, by unlawfully touching or applying force, with intent to injure, in a manner whereby great bodily harm can be inflicted even if great bodily harm does not actually result.

Even though Count 8 charges Baca with conspiring to commit assault resulting in serious bodily injury in violation of N.M. Stat. Ann. § 30-3-5, showing that Baca conspired to violate that statute does not mean that Baca violated VICAR.  See Indictment at 14.  Establishing that Baca violated VICAR by conspiring to commit assault resulting in serious bodily injury in violation of New Mexico law requires the United States to prove: (i) that Baca's conduct constitutes generic conspiracy to commit assault resulting in serious bodily injury; and (ii) that Baca's conduct also violated New Mexico law.  That structure -- identifying conduct that falls within a generic category, and also violates a state or non-racketeering federal law -- features prominently in federal racketeering statutes.  See Scheidler v. National Organization for Women, Inc., 537 U.S. 393, 409-10 (2003)(analyzing RICO's definition of racketeering activity and determining that "any act or threat involving . . . extortion, . . . which is chargeable under state law" includes conduct constituting generic extortion that also violates state law);  United States v. Nardello, 393 U.S. 286, 293-94 (1969)(analyzing the Travel Act, 18 U.S.C. § 1952, and concluding that its provisions regarding "extortion . . . in violation of the laws of the State in which committed," 18 U.S.C. § 1952(b)(i)(2), refers to generic extortion that also violates state law, even if the state law does not use the term "extortion");  United States v. Bagaric, 706 F.2d 42, 63 (2d Cir. 1983)(stating that, "[a]bsent an allegation that the racketeering act is not prohibited *at all* under state law," a court, in a RICO prosecution, is not "obliged to charge the elements of the penal codes of the various states where acts of racketeering occurred" such that "accurate generic definitions of the crimes charged were sufficient" (emphasis in original)).  See

also United States v. Carrillo, 229 F.3d 177, 185 (2d Cir. 2000)(asserting that, notwithstanding United States v. Bagaric's "theoretical approval," of charging a RICO predicate "by a generic description rather than giving the jury the elements in full," that "both the text of RICO and VICAR demand that predicate acts constitute state law crimes").  Thus, no matter whether Baca conspired to violate N.M. Stat. Ann. § 30-3-5,[2] he only violated VICAR if also he conspired to commit assault resulting in serious bodily injury, in a generic sense.

Baca cannot have committed generic conspiracy to commit assault resulting in serious bodily injury against Romero if Romero did not suffer serious bodily injury.  Generic assault resulting in serious bodily injury is structurally analogous to assault on a federal officer.  See 18 U.S.C. § 1959(a)(1) ("Whoever . . . forcibly assaults . . . any person designated in section 1114 of this title [defining federal officers] while engaged in . . . official duties . . . shall [be fined or imprisoned].").  Both assault resulting in serious bodily injury and assault on a federal officer have a single mens rea requirement: intent to commit assault; the perpetrator's mental state regarding the victim's status as a federal officer or the perpetrator's mental state regarding the assault's results is irrelevant.  See United States v. Feola, 420 U.S. 671, 693 (1975)(analyzing assault on a federal officer and concluding that, "for the purpose of individual guilt or innocence, awareness of the official identity of the assault victim is irrelevant"); United States v. Zunie, 444 F.3d 1230, 1233 (10th Cir. 2006)(analyzing federal assault resulting in serious bodily injury, 18

---

[2]VICAR, by its terms, does not require that conduct constituting generic assault resulting in serious bodily injury violate any particular state statute, see 18 U.S.C. § 1959(a), so whether Baca's conduct violated N.M. Stat. Ann. § 30-3-5 -- as opposed to violating some other New Mexico statute -- does not determine whether Baca violated VICAR.  That the Indictment specifies N.M. Stat. Ann. § 30-3-5 could, however, create issues if the United States introduced evidence indicating that Baca's conduct violated a different statute.  See Hunter v. New Mexico, 916 F.2d 595, 598-99 (10th Cir. 1990)(stating that a variance between an indictment's allegations and the proof introduced at trial that effectively alters the substance of an indictment "is reversible per se").

U.S.C. § 111(a)(6), and stating that -- in addition to the elements necessary for federal jurisdiction -- an assault resulting in serious bodily injury conviction only required the United States "to prove: (1) that Zunie assaulted Nicky; [and] (2) that Nicky suffered serious bodily injury").[3]

According to the Supreme Court of the United States, a conspiracy to assault a federal officer requires only an agreement to commit assault on someone who happens to be a federal officer, because the substantive offense only requires an intent to commit assault.  See United States v. Feola, 420 U.S. at 696 ("[W]here knowledge of the facts giving rise to federal jurisdiction[, i.e., that the victim is a federal officer,] is not necessary for conviction of a substantive offense embodying a *mens rea* requirement, such knowledge is equally irrelevant to questions of responsibility for conspiracy to commit that offense.").  Whether the agreed victim is a federal officer can be determined if an assault actually occurs or "[i]f the agreement calls for an attack on an individual specifically identified, either by name or by some unique characteristic."  United States v. Feola, 420 U.S. at 695.

By analogy, a conspiracy to commit assault resulting in serious bodily injury requires only a conspiracy to commit assault and a resulting serious bodily injury.  While one can commit a conspiracy offense without accomplishing the conspiracy's objective, as a practical matter, it is impossible to determine whether an agreed assault has a result -- as opposed to an intended result -- constituting serious bodily injury if the assault does not actually occur.  That practical

---

[3]United States v. Zunie did not consider the elements of generic assault resulting in serious bodily injury, because the defendant in that case was accused of violating 18 U.S.C. § 113(a)(6), a federal statute that applies only "within the special maritime and territorial jurisdiction of the United States."  18 U.S.C. § 113(a).  See United States v. Zunie, 444 F.3d at 1233.  Although United States v. Zunie considered a particular statutory assault resulting in serious bodily injury offense and not generic assault resulting in serious bodily injury, that case is nevertheless probative of the generic offense's elements.

difficulty is a necessary consequence of the way Congress chose to structure VICAR and the Court will not -- under the guise of applying VICAR's conspiracy provision -- rewrite "conspiracy to commit assault resulting in serious bodily injury" into "conspiracy to assault with intent to inflict serious bodily injury." The United States correctly notes that the trial evidence would support a VICAR conspiracy to murder charge based on the Romero assault. See Response at 4. Count 8 of the grand jury's indictment does not charge that offense, however, and the Court is not free to redraft the indictment by substituting murder for assault resulting in serious bodily injury. See Hunter v. New Mexico, 916 F.2d 595, 598 (10th Cir. 1990)("[I]t is a fundamental precept of federal constitutional law that a 'court cannot permit a defendant to be tried on charges that are not made in the indictment.'" (quoting Stirone v. United States, 361 U.S. 212, 217 (1960))).

Thus, Baca can be convicted for conspiring to commit assault resulting in bodily injury against Romero only if he conspired to assault Romero and a serious bodily injury resulted. The evidence introduced at trial does not permit a reasonable juror to infer that Romero suffered a serious bodily injury. Accordingly, the Court grants Baca's rule 29 motion as to Count 8.

**IT IS ORDERED** that Defendant Anthony Ray Baca's oral motion for a judgment of acquittal, under rule 29 of the Federal Rules of Criminal Procedure, as to Count 8, is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  First Assistant United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

     *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

     *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

     *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

     *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

     *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendant Eugene Martinez*

Phillip A. Linder
The Linder Firm
Dallas, Texas

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

     *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Orlando Mondragon
El Paso, Texas

     *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

     *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

     *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

     *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

     *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

     *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

     *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

    *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

    *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

    *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

    *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

    *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

    *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

    *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

    *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

      *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

      *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Lisa Torraco Law Firm
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

      *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

      *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

      *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

*Attorneys for Defendant Brandy Rodriguez*