# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                            No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Objection to Defendant

Joe   Lawrence   Gallegos's   Opening   Statement   Exhibits,   filed   April   11,   2018

(Doc. 2099)("Objection").  The Court held a hearing on April 11, 2018.  Plaintiff United States of America argues that Defendant Joe Lawrence Gallegos should not be able to use "911 call(s) related to the assault of J. G. that occurred on March 17, 2015, scientific reports, and to the transcripts and recordings of cooperating Defendant Leonard Lujan."  Objections at 1.  "[A]s to the scientific reports, 911 call(s) and transcripts and recordings," the United States "objects to the exhibits based on hearsay."  Objections at 1.  The United States also argues that J. Gallegos should not be able to use the 911 calls, because he has failed to give "reasonable notice of the contents of the 911 call(s)," because he "provided to the United States 58 unidentified calls only a few weeks ago," and has not identified which of those calls he intends to use during his opening statement.  Objections at 1-2.

On March 12, 2018, the United States and the Defendants agreed to let each other know if they intended to use exhibits during their opening statements.  See Transcript of Motion Hearing at 25:13-26:1 (held March 12, 2018)(Court), filed April 3, 2018 (Doc. 2026)("Tr.").

> So I guess we have an agreement on exhibits.  If you're going to use exhibits, you'll show those to each other before the trial starts.  But as far as PowerPoints, I tend to agree, they're probably a work in progress.  So all I can do is kind of give you an admonition to try to think about putting yourself in the shoes of the other side, and not trying to do something that's going to draw an objection and delay the trial, and delay your opening as well.
>
> Everybody -- I know the Government wanted more -- but everybody agree with that from the defendants' standpoint?  All right.  So we'll go with that.

Tr. at 25:13-26:1 (Court).  That agreement does not, however, require its parties to show their opening statement exhibits to the Court in advance, so the Court needs to assess the United States' arguments in the Objections without access to the exhibits that J. Gallegos provided to the United States.  The Court will, however, give tentative guidance to the parties.

The Court overrules the United States' hearsay objections to J. Gallegos' opening statement exhibits, because those exhibits are likely admissible notwithstanding the general rule against hearsay.  The 911 calls relating to the March 17, 2015, assault on J.G. are likely admissible as excited utterances.  See Fed. R. Evid. 803(2)("A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.").[1] J. Gallegos orally indicated, on April 11, 2018, that the New Mexico State Police prepared the scientific report, which concludes that a particular firearm was not the weapon used to kill Adrian Burns.  That scientific report is likely admissible as a public record.  See Fed. R. Evid. 803(8)(excluding from the rule against hearsay "[a] record or statement of a public office if . . . it sets out . . . against the government in a criminal case, factual findings from a legally authorized investigation" as long as "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness").  The Court cannot determine whether the Lujan recordings or reading the Lujan transcripts are admissible for their truth under rule 801(d)

---

[1]Admitting those calls into evidence -- if offered by J. Gallegos -- does not violate the Confrontation Clause to the Sixth Amendment of the Constitution of the United States of America for two reasons.  First, 911 calls are not ordinarily testimonial, so admitting a 911 call into evidence does not implicate the Confrontation Clause.  See Davis v. Washington, 547 U.S. 813, 827 (2006)("A 911 call, on the other hand, and at least the initial interrogation conducted in connection with a 911 call, is ordinarily not designed primarily to 'establis[h] or prov[e]' some past fact, but to describe current circumstances requiring police assistance."  (quoting Crawford v. Washington, 541 U.S. 36, 51 (2004))).  Second, the Confrontation Clause protects a right that belongs to "the accused" and not to the United States, so J. Gallegos can elect to waive that right, i.e. to introduce unconfronted testimonial hearsay.  U.S. Const. amend. VI.  J. Gallegos is the only Defendant at the second trial in this case who is accused of assaulting J.G. on March 17, 2015, see Second Superseding Indictment at 16, filed March 9, 2017 (Doc. 947), so introducing the 911 calls associated with that assault requires J. Gallegos -- and no other Defendant -- to waive his rights under the Confrontation Clause, see Richardson v. Marsh, 481 U.S. 200, 207 (1987)("Ordinarily, a witness whose testimony is introduced at a joint trial is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a codefendant."  (quoting U.S. Const. amend. VI)).

or rule 803,[2] but the Court anticipates that J. Gallegos will want to use those recordings and transcripts to impeach Lujan's anticipated testimony and not for their truth.[3] Evidence impeaching Lujan is admissible only if Lujan testifies, but Lujan's testimony appears central to the United States' case in chief, and the Court would be surprised if Lujan does not testify.[4] Nothing in the Federal Rules of Evidence requires parties to wait to introduce impeachment evidence until after a witness testifies; on the contrary, those rules commit "the mode and order of examining witnesses and presenting evidence" to the Court's discretion. Fed. R. Evid. 611.[5] Accordingly, the Court will permit J. Gallegos to use the Lujan recordings and transcripts in his

---

[2]That Lujan is included on the United States' witness list, see United States' Sealed Supplemental Witness List for Trial II at 2, filed April 9, 2018 (Doc. 2089), indicates that Lujan is not "unavailable as a witness," so rule 804's hearsay exceptions do not apply, Fed. R. Evid. 804.

[3]J. Gallegos confirmed orally that he intends to use Lujan's recorded statements to impeach Lujan's anticipated testimony by contradiction.

[4]The United States orally indicated that it would be likewise surprised if Lujan does not testify as part of its case in chief.

[5]The United States orally asserted that Lujan's prior statements that J. Gallegos intends to use in his opening statement do not necessarily contradict the testimony that Lujan will give at trial. The United States also orally asserted that, if Lujan's prior statements are consistent with his trial testimony, then Lujan's prior statements are not relevant for impeachment by contradiction purposes. Those assertions are both true, but they do not change the court's analysis, because the court can admit evidence conditionally.

> "When an item of evidence is conditionally relevant, it is often not possible for the offeror to prove the fact upon which relevance is conditioned at the time the evidence is offered. In such cases it is customary to permit him to introduce the evidence and 'connect it up' later. Rule 104(b) continues this practice, specifically authorizing the judge to admit the evidence 'subject to' proof of the preliminary fact. It is, of course, not the responsibility of the judge sua sponte to insure that the foundation evidence is offered; the objector must move to strike the evidence if at the close of the trial the offeror has failed to satisfy the condition."

Huddleston v. United States, 485 U.S. 681, 690 n.7 (1988)(quoting 21 C. Wright & K. Graham, Federal Practice and Procedure § 5054, 269-70 (1st ed. 1977)).

opening if he intends to offer them as impeachment evidence.[6]  The Court will reconsider this determination, however, if the United States represents to the Court that it will not call Lujan as a witness.

The Court also overrules the United States' notice objections to J. Gallegos' opening statement exhibits.  The agreement between the parties regarding opening statement exhibits does not specify a deadline for disclosing opening statement exhibits other than "before the trial starts."  Tr. at 25:15 (Court).  Consequently, that J. Gallegos disclosed the 911 calls he intends to use in his opening "a few weeks ago" gives the United States significantly more notice than the parties' agreement requires.  Objections at 1.  The Court determines that requiring the United States to review fifty-eight telephone calls over a few weeks is not excessive.  Compare Objections at 1 ("Defendant Gallegos provided to the United States 58 unidentified calls only a few weeks ago."), with Defendant Carlos Herrera's Motion to Dismiss, or in the Alternative, for Mistrial Based on Repeated Brady and Giglio Violations ¶ 1, at 1, filed March 1, 2018 (Doc. 1842)("This trial began on January 29, 2018.  During voir dire, the Government disclosed approximately 3,500 pages of discovery."); id. ¶ 4, at 1 ("On Wednesday, February 28, 2018, during the Defendants' case in chief, the government disclosed 981 pages of new material, purportedly belonging to the government's witness Mario Rodriguez.").

**IT IS ORDERED** that the United States' Objection to Defendant Joe Lawrence Gallegos's Opening Statement Exhibits, filed April 11, 2018 (Doc. 2099), is overruled.

---

[6]J. Gallegos will need to tell the jury in his opening statement that the Court will instruct them to use Lujan's out-of-court statements only to determine whether Lujan is telling the truth when he contradicts those statements while testifying.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

       *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

       *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

     *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

     *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

     *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

     *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

     *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

     *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

     *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

     *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

    *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

    *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

    *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

    *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

    *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

>*Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

>*Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

>*Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

>*Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

>*Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

     *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

     *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

     *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

     *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

     *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

     *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

     *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

     *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

     *Attorneys for Defendant Brandy Rodriguez*