# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                                                    No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

     **THIS MATTER** comes before the Court on the Motion to Exclude Witness Julian

Romero Testimony, filed April 17, 2018 (Doc. 2121)("Motion").  In the Motion, Defendant

Edward Troup asks the Court to exclude the substance of a statement that Julian Romero, a witness for Plaintiff United States of America, made during a March 28, 2018 interview:

> ROMERO met Edward TROUP at Hobbs and knew he was SNM. ROMERO was housed with TROUP sometime before SANCHEZ was killed at the county jail. TROUP brought drugs into the segregation three unit. TROUP smuggled the drugs in himself when he was arrested for a parole violation. TROUP was aligned with ARCHULETA.

Motion ¶ 1, at 1 (quoting FBI 302 (held March 28, 2018)(DeLeon 68419)). Troup argues that Romero's statement describes an alleged bad act and that "the time for the government to provide the defendant with notice of any bad acts it intended to introduce has long since passed." Motion ¶ 2, at 2. Troup asserts that, "[i]n the United States Response regarding Rule 404(b), it stated that it would 'provide such prior acts evidence in accordance with the scheduling order in this case.'" Motion ¶ 6, at 3 (quoting United States' Response in Opposition to Defendants' Motion for Notice of FRE 404(b), 405, 406, 608 and Res Gestae Evidence [1047] at 3, filed April 20, 2017 (Doc. 1102)). Troup contends, however, that the United States did not provide the FBI 302 containing Romero's statement until "the Saturday before trial commenced (April 7, 2018)." Motion ¶ 7, at 3.

Troup also argues that Romero's statement is not relevant to the charges against him, and may "lead the jury to convict Mr. Troup based on a bad character trait, and not on evidence proving the offenses alleged." Motion ¶ 3, at 2. According to Troup, Romero's statement is not "'probative of a material issue other than character,'" so it is not admissible under rule 404(b). Motion ¶ 5, at 2.[1]

---

[1]Troup also argues that, to introduce evidence of a prior crime under rule 404(b) of the Federal Rule of Evidence, "'a prosecutor is required to show by clear and convincing evidence that a prior crime occurred in addition to satisfying other strict requirements.'" Motion at 3 (quoting Le v. Mullin, 311 F.3d 1002, 1021 (10th Cir. 2002)). Le v. Mullin's statement

Romero's statements are probative of a material issue other than character.  To establish a

violation of 18 U.S.C. § 1959 ("VICAR"), the United States must show that the SNM is an

"enterprise engaged in racketeering activity."   18 U.S.C. § 1959(a).   Drug trafficking is

---

regarding clear-and-convincing evidence is an application of Oklahoma law, and not of federal law, see 311 F.3d at 1021; in Le v. Mullin, the United States Court of Appeals for the Tenth Circuit reviewed an Oklahoma conviction under 28 U.S.C. § 2254, see 311 F.3d at 1006.  The Federal Rules of Evidence, however, do not require clear-and-convincing evidence or even a preponderance of the evidence to establish a prior crime.  See Huddleston v. United States, 485 U.S. 681, 687-88 (1988).

> Rule 404(b), for example, protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character.   The text contains no intimation, however, that any preliminary showing is necessary before such evidence may be introduced for a proper purpose.  If offered for such a proper purpose, the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403.
>
> . . . .
>
> We conclude that a preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not called for under Rule 104(a).  This is not to say, however, that the Government may parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo.  Evidence is admissible under Rule 404(b) only if it is relevant. . . .  In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor. . . .  In the instant case, the evidence that petitioner was selling the televisions was relevant under the Government's theory only if the jury could reasonably find that the televisions were stolen.
>
> Such questions of relevance conditioned on a fact are dealt with under Federal Rule of Evidence 104(b). . . .
>
> In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence.  The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact -- here, that the televisions were stolen -- by a preponderance of the evidence.

Huddleston v. United States, 485 U.S. at 687-88.

racketeering activity.  See 18 U.S.C. § 1961(1)(A).  The Court has heard evidence that Troup is

an SNM member, so evidence indicating that Troup smuggled drugs into a prison facility tends

to make it more probable that the SNM is an enterprise engaged in racketeering activity.  See

Fed. R. Evid. 401.  Accordingly, Romero's statement is not irrelevant to the VICAR charges

against Troup, so rule 402 does not render those statements inadmissible.  See Fed. R. Evid. 402

("Irrelevant evidence is not admissible.").  Likewise, offering Romero's statement to show that

the SNM is an enterprise engaged in racketeering activity is not using the statement "to prove a

person's character in order to show that on a particular occasion the person acted in accordance

with the character," so that statement is admissible notwithstanding rule 404.  Fed. R. Evid.

404(b)(1).

The Court does not believe that enterprise evidence is subject to rule 404(b)(2)'s notice

requirement in a criminal case.  See Fed. R. Evid. 404(b)(2)("[T]he prosecutor must: (A) provide

reasonable notice of the general nature of any such evidence that the prosecutor intends to offer

at trial; and (B) do so before trial -- or during trial if the court, for good cause, excuses lack of

pretrial notice.").

> The test often, though confusingly, used by the courts is whether the acts that are
> the subject of the proof are "inextricably intertwined" with the basic elements of
> the crime charged.  If so, Rule 404(b) is considered inapplicable and there is no
> need to articulate a "not-for-character" purpose for the evidence.  Nor is there any
> need to give prior notice of the intent to use the evidence, as is required if the
> evidence is covered by Rule 404(b).

Stephen A. Saltzburg et al., Federal Rules of Evidence Manual § 404.02[12] (11th ed. 2017).

Romero made the statement that Troup finds objectionable on March 28, 2018.  See Motion ¶ 1,

at 1.  Even if rule 404(b)(2)'s notice requirement applies, however, the United States provided

the Defendants pretrial notice of Romero's statement -- albeit on the Saturday before trial -- and,

thus, satisfied that requirement.  The Court does not fault the United States for failing to disclose

the Romero statement earlier, because the United States did not have the statement earlier.  In

words attributed to Immanuel Kant: "ought implies can."  <u>See</u> <u>generally</u> Robert Stern, <u>Does</u>

<u>'Ought' Imply 'Can'? And Did Kant Think It Does?</u>, 16 UTILITAS 42 (2004).

    **IT IS ORDERED** that the Motion to Exclude Witness Julian Romero Testimony, filed

April 17, 2018 (Doc. 2121), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

    *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

     *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

     *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

     *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

     *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

    *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

    *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

    *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

    *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

  *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

  *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

  *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

  *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

  *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

       *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

       *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

       *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

       *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

       *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

    *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

    *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

    *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

　　　*Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

　　　*Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

　　　*Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

　　　*Attorneys for Defendant Brandy Rodriguez*