# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                    No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendants' Objection to Jury

Instruction 31, filed May 20, 2018 (Doc. 2295)("Objection"). In the Objection, the Defendants

argue that the jury should not receive an instruction regarding the elements of second-degree murder vis-à-vis the murders that Counts 1-3 of the Second Superseding Indictment, filed March 9, 2017 (Doc. 947)("Indictment"), charge.  See Objection ¶ 2, at 1.  According to the Defendants, "[t]he statute of limitations for second degree murder under the laws of the State of New Mexico is six years," Objection ¶ 1, at 1, while Counts 1-3 charge murders that occurred in 2001 and 2007, see Indictment at 9-11.  It follows, again according to the Defendants, that a prosecution under the federal Violent Crimes in Aid of Racketeering Act, 18 U.S.C. § 1959 ("VICAR") premised on a violation of New Mexico's second-degree murder statute must begin, if at all, within six years of the offense.  See Objection ¶ 2, at 1.  See also 18 U.S.C. § 1959(a) (making it a federal crime to commit murder, "in violation of the laws of any State," for "the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity").

That conclusion is incorrect, because New Mexico's statute of limitations does not apply to a federal VICAR prosecution.  It is a federal crime to commit murder, "in violation of the laws of any State," for certain purposes, such as "gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity."  18 U.S.C. § 1959(a).  That federal crime can be punished "by death or life imprisonment."  18 U.S.C. § 1959(a)(1).  "An offense punishable by death may be found at any time without limitation."  18 U.S.C. § 3281.  See United States v. Forsythe, 560 F.2d 1127, 1134 (3d Cir. 1977)("The court below granted motions to dismiss indictments against some defendants because the indictments were returned after the state statute of limitation had expired.  We hold that the applicable period of limitations [in a Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO")] is governed by federal, rather than state, law."  (footnote omitted)).

References to state law in federal racketeering statutes like VICAR -- "in violation of the laws of any State," 18 U.S.C. § 1959(a) -- and RICO -- "which is chargeable under State law," 18 U.S.C. § 1961(1)(A) -- define the conduct that violates federal law; those references do not incorporate state procedural or evidentiary rules.  See United States v. Crenshaw, 359 F.3d 977, 988 n.4 (8th Cir. 2004)(commenting that a state procedural rule providing that "a conviction cannot be based upon uncorroborated accomplice testimony" does not apply in a VICAR prosecution); United States v. Shryock, 342 F.3d 948, 987 (9th Cir. 2003)(applying the principle that a "state accomplice-corroboration rule does not apply with respect to predicate acts for RICO prosecutions because the accomplice-corroboration rule is procedural, rather than an element of the offense" to a VICAR prosecution); United States v. Kehoe, 310 F.3d 579 (8th Cir. 2002)(drawing conclusions about VICAR from the fact that "'Congress did not intend to incorporate the various states's procedural and evidentiary rules into the RICO statute'" (quoting United States v. Carillo, 229 F.3d 177, 183 (2d Cir. 2000)).  See also United States v. Paone, 782 F.2d 386, 393 (2d Cir. 1986)("We are satisfied that Congress did not intend to incorporate the various states' procedural and evidentiary rules into the RICO statute.  The statute is meant to define, in a more generic sense, the wrongful conduct that constitutes the predicates for a federal racketeering charge."); United States v. Licavoli, 725 F.2d 1040, 1047 (6th Cir. 1984)("The reference to state law in the statute is simply to define the wrongful conduct, and is not meant to incorporate state procedural law."); United States v. Frumento, 563 F.2d 1083, 1087 n.8A (3d Cir. 1977)("Section 1961 requires, in our view, only that the conduct on which the federal charge is based be typical of the serious crime dealt with by the state statute, not that the particular defendant be 'chargeable under State law' at the time of the federal indictment."  (quoting 18 U.S.C. § 1961)).

State statutes of limitations are among the procedural rules that federal racketeering statutes do not incorporate. See United States v. Licavoli, 725 F.2d at 1046-47 ("Courts have held that regardless of the running of the state statute the defendant is still 'chargeable' with the state offense within the meaning of 18 U.S.C. § 1961(1)(A)." (quoting 18 U.S.C. § 1961(1)(A)); United States v. Davis, 576 F.2d 1065, 1066-67 (3d Cir. 1978)(rejecting an argument that "Congress intended to borrow state statutes of limitations for the predicate state offenses"); United States v. Brown, 555 F.2d 407, 418 n.22 (5th Cir. 1977)("'[T]he reference to state law in the federal statute is for the purpose of defining the conduct prohibited' and is not meant to incorporate the state statute of limitations or procedural rules." (quoting United States v. Revel 493 F.2d 1, 3 (5th Cir. 1974)).[1]  A murder can, thus, qualify as a VICAR offense even if a state statute of limitations would bar a state-court prosecution for that murder.  The Court accordingly overrules the Objection.

While a state statute-of-limitations defense does not apply in a federal VICAR prosecution, state-law defenses that mean that a defendant did not violate state law do apply.  See Memorandum Opinion and Order at 4, 2018 WL 1175086, at *2, filed March 5, 2018 (Doc. 1870)("Establishing that Baca violated VICAR . . . requires the United States to prove: (i) that Baca's conduct constitutes generic conspiracy to commit assault resulting in serious bodily injury; and (ii) that Baca's conduct also violated New Mexico law.").  For example, a defendant who intentionally kills another person does not commit murder under New Mexico

---

[1]While some of the cases the Court cites interpret whether an act "is chargeable under state law" for RICO purposes, 18 U.S.C. § 1961(1)(A), and not whether an act is "in violation of the laws of any State" for VICAR purposes, 18 U.S.C. § 1959(a), the Court concludes that their analysis remains elucidating.  See United States v. Arrington, 409 F. App'x 190, 195 (10th Cir. 2010)(Holmes, J.)(unpublished)(noting that the United States Court of Appeals for the Tenth Circuit had not addressed an issue vis-à-vis VICAR and looking to precedent analyzing the same issue "under the analogous RICO statute").

law if the killing is "committed in the necessary defense of his life." N.M. Stat. Ann. § 30-2-7(A). See id. § 30-2-7 (enumerating circumstances when "[h]omicide is justifiable"). See id. § 30-2-8 ("Whenever any person is prosecuted for a homicide, and upon his trial the killing shall be found to have been excusable or justifiable, the jury shall find such person not guilty and he shall be discharged.").[2] Consequently, New Mexico law regarding self-defense provides a defense to both a state-law murder prosecution and a VICAR murder prosecution. Defenses that mean only that a defendant cannot be prosecuted for violating state law do not, however, bar a federal VICAR prosecution. See United States v. Coonan, 938 F.2d 1553, 1563-64 (2d Cir. 1991)(concluding that "the fact that Kelly was acquitted in state court . . . did not preclude the federal authorities from charging that very same offense as a predicate act in the subsequent RICO action" even though "further state prosecution would be barred by the double jeopardy clause").

IT IS ORDERED that the Defendants' Objection to Jury Instruction 31, filed May 20, 2018 (Doc. 2295), is overruled.

_____
UNITED STATES DISTRICT JUDGE

---

[2]Another defense that means that a defendant did not violate the law is unfair inducement; the Court accordingly gave an unfair inducement instruction at Defendant Anthony Ray Baca's request during the first trial in this case. See Court's Final Jury Instructions at 44, filed March 5, 2018 (Doc. 1877)("Evidence has been presented that Mr. Baca was the subject of unfair inducement. Unfair inducement occurs when government agents unfairly cause the commission of a crime.").

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

      *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

      *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

      *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

     *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

     *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

     *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

     *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

     *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

      *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

      *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

      *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

      *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

      *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

     *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

     *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

     *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

     *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Lauren Noriega
The Noriega Law Firm
Los Angeles, California

    *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

    *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

    *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

    *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

    *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

   *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

   *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

   *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

   *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

*Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

*Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Sam Winder
Walz and Associates
Albuquerque, New Mexico

*Attorneys for Defendant Brandy Rodriguez*