IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                         No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a. "Huero
Troup," LEONARD LUJAN, BILLY GARCIA,
a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a.
"Little Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo," ARTURO
ARNULFO GARCIA, a.k.a. "Shotgun,"
BENJAMIN CLARK, a.k.a. "Cyclone," RUBEN
HERNANDEZ; JERRY ARMENTA, a.k.a.
"Creeper," JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY
MARTINEZ, a.k.a. "Red," MAURICIO VARELA,
a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL
SANCHEZ, a.k.a. "Dan Dan," GERALD
ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma,"
CONRAD VILLEGAS, a.k.a. "Chitmon,"
ANTHONY RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY PAUL
MARTINEZ, a.k.a. "Shadow," CHRISTOPHER
GARCIA, CARLOS HERRERA, a.k.a. "Lazy,"
RUDY PEREZ, a.k.a. "Ru Dog," ANDREW
GALLEGOS, a.k.a. "Smiley," SANTOS
GONZALEZ; PAUL RIVERA, SHAUNA
GUTIERREZ, and BRANDY RODRIGUEZ,

    Defendants.

## PRELIMINARY MEMORANDUM OPINION[1]

---

[1]This Memorandum Opinion ruling on the admissibility of the United States' list of statements under <u>United States v. James</u>, 590 F.2d 575 (5th Cir. 1979), is incomplete and preliminary. <u>See</u> United States' Notice of Proposed <u>James</u> Statements, filed January 8, 2021 (Doc. 3228). The Court files this unfinished and incomplete Memorandum Opinion and Order to assist the parties by giving them an idea of the Court's rulings. This Memorandum Opinion and Order is subject to change. The final Memorandum Opinion and Order is forthcoming.

**THIS MATTER** comes before the Court on the United States' Notice of Proposed James Statements, filed January 8, 2021 (Doc. 3228)("Notice"). The Court held a hearing on February 2, 2021, pursuant to United States v. James, 590 F.2d 575 (5th Cir. 1979)("James"). See Transcript of Hearing (taken February 2, 2021), filed July 28, 2021 (Doc. 3337)("Tr."). The primary issue is whether the Court should admit ninety-one co-conspirator statements under rule 801(d)(2)(E) of the Federal Rules of Evidence. The Court concludes that: (i) statements 4, 6, 9, 13, 14, and 15 are admissible; (ii) statements 1, 2, 3, 10, and 11 are admissible in part; and (iii) statements 5, 7, 8, 12, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25 are not admissible. The Court will, therefore, grant the Notice in part and deny the Notice in part.

## FINDINGS OF FACT

The Federal Rules of Criminal Procedure require the Court to state "its essential findings on the record" when "factual issues are involved in deciding a motion." Fed. R. Crim. P. 12(d). The Court makes these findings by a preponderance of the evidence and only to determine preliminary questions regarding whether evidence is admissible. See Fed. R. Evid. 104(a). The Court makes these findings under the authority of rule 104(a) of the Federal Rules of Evidence, which requires a judge to decide preliminary questions relating to the admissibility of evidence, including the legality of a search or seizure and the voluntariness of an individual's confession or consent to a search. See United States v. Merritt, 695 F.2d 1263, 1269-70 (10th Cir. 1982). In deciding such preliminary questions, the other rules of evidence, except those with respect to privileges, do not bind the Court. See Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so doing, the court is not bound by evidence rules, except those on privilege."). The Court bases these conclusions on the testimony it heard at its James hearing as well as the

evidence it admitted at that hearing, including the "prior sworn testimony relating to the Castillo and Garza murder . . . from the witnesses," see Tr. at 13:9-10, Federico Munoz' plea agreement (Doc. 229 in CR 16-1613)("Munoz Plea"), Leonard Lujan's Plea Agreement, filed March 13, 2017 (Doc. 963)("Lujan Plea"), Eugene Martinez' Plea Agreement, filed May 5, 2017 (Doc. 1138)("Martinez Plea"), and Benjamin Clark's Sealed Plea Agreement, filed November 15, 2016 (Doc. 768)("Clark Plea"), see Tr. at 13:13-25 (Castellano, Court, Gorman).  Notwithstanding the Court's findings, DeLeon is presumed innocent.  The Court makes the following findings of fact:

1. A conspiracy to kill Frank Castillo existed.  See Lujan Plea ¶ 7, at 4-5[2]; Clark Plea ¶ 7, at 6.

2. The Castillo conspiracy included five indicted conspirators: (i) DeLeon, (ii) J. Gallegos; (iii) Troup; (iv) Lujan; and (v) B. Garcia.  See Lujan Plea ¶ 7, at 4-5.

3. The Castillo conspiracy included six unindicted conspirators: (i) Angel Munoz, see Transcript of Motions Hearing at 9:17-10:9 (taken March 13, 2018)(Castellano, Stemo), filed April 3, 2019 (Doc. 2027)("March 13 Tr."); (ii) Leroy Lucero, see

---

[2]The Court accepted into evidence a letter by Assistant United States Attorney Jack Burkhead stating that Lujan would not be credible in the eyes of a rational factfinder.  See Tr. at 33:8-9 (Court); id. at 33:17-25 (reading from Exhibit A, Burkhead's letter, stating that "Mr. Lujan's credibility is in serious doubt").  As a result, the Lujan Plea on its own is not sufficient to establish the existence of a conspiracy.  Evidence that the Court can consider when deciding whether a conspiracy to kill Castillo existed, however, corroborates the Lujan Plea Agreement.  See, e.g., FBI 302 of Samuel Gonzales at 5, filed March 9, 2018 (Doc. 1909-3)("Francisco CASTILLO was killed in 2001 because he 'messed up' with Billy GARCIA."); FBI 1023 at 2, filed March 9, 2018 (Doc. 1909-5)("2001 Murder of Frank Castillo and Rolando Garcia at the Southern New Mexico Correctional Facility in Las Cruces were called by BILLY GARCIA ('Wild Bill').  Several members participated in the double homicide and EDWARD TROUP and CHRI[S]TOPHER CHAVEZ admitted to the murders during conversations with the [Confidential Human Source]."); Jaramillo 302 at 2 ("LUJAN relayed that GARCIA told LUJAN to find people to murder CASTILLO and LUJAN chose JARAMILLO, GALLEGOS and DELEON.").  This corroborating evidence assuages the Court's concern regarding Lujan's credibility.

- 4 -

March 13 Tr. at 16:16-24 (Castellano, Stemo); (iii) Jaramillo, see March 13 Tr. at 18:22-4 (Castellano, Stemo); id. at 20:2-9 (Castellano, Stemo); (iv) Federico Munoz, see March 13 Tr. at 21:10-22 (Castellano, Stemo); (v) Willie Amador, see March 13 Tr. at 29:16-24 (Castellano, Stemo); and (vi) Jessie Ibarra, see March 13 Tr. at 29:16-24 (Castellano, Stemo).

4. The Castillo conspiracy continued until Castillo's death on March 26, 2001. See Lujan Plea ¶ 7, at 4-5.

## ANALYSIS

The Court makes general determinations regarding the existence of conspiracies and their membership. See Findings of Fact ("FOF"), supra. The Court concludes that the United States establishes one conspiracy to kill Frank Castillo. See FOF 1. The Court makes particularized judgments regarding the James proffer statements' admissibility under the Federal Rules of Evidence. The Court provides the following table:

| **James Proffer Statement** | **Ruling** |
|---|---|
| Statement 1: "Billy Garcia tasked Leonard Lujan with finding an inmate to carry out the murders of Garza and Castillo. The murders were to be executed simultaneous."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001<br><br>Objections: DeLeon.  See Tr. at 63:11-21. | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E).  See Tr. at 65:16-20 (Court).<br><br>As amended, Statement 1 reads: ""Billy Garcia tasked Leonard Lujan with finding an inmate to carry out the murder . . . Castillo." |
| Statement 2: "Billy Garcia wanted Castillo and Garza 'to be taken out' by strangulation."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001<br><br>Objections:  DeLeon.  See Tr. at 66:4-21 | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E).  See Tr. at 66:6-21 (Court, LeBlanc, Castellano).<br><br>As amended, Statement 2 reads: "Billy Garcia wanted Castillo . . . 'to be taken out' by strangulation." |
| Statement 3: "The Castillo and Garza murders were an order. Anyone who did not follow that order was to be killed as well."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001<br><br>Objections:  DeLeon.  See Tr. at 67:7-10 | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E).  See Tr. at 67:2-6 (Court).<br><br>As amended, Statement 3 reads: "The Castillo . . . murder[] [was] an order. Anyone who did not follow that order was to be killed as well." |
| Statement 4: "Billy Garcia was planning to kill everyone in the unit with a green light but was starting with Castillo and Garza."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is a statement of B. Garcia's then-existing state of mind, specifically his plan, so it is admissible for its truth under rule 803(3). |

| <u>James</u> Proffer Statement | Ruling |
|---|---|
| Statement 5: "These murders needed to be done because the SNM gang was losing status with other gangs."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is not a statement against a co-conspirator, so it is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  <u>See</u> Tr. at 68:10-11 (Court). |
| Statement 6: "Leonard Lujan tells Eugene Martinez 'I'm telling you right now where it's coming from and everything,' referring to Billy Garcia."<br><br>Declarant: Leonard Lujan (first- level) and Billy Garcia (second- level).<br><br>Source: Leonard Lujan, Eugene Martinez<br><br>Date: On or before March 26, 2001<br><br>Objections: DeLeon | This statement is admissible for its truth against the members conspiracy under rule 801(d)(2)(E).  <u>See</u> Tr. at 70:16-12 (Court).  Lujan is a member of the conspiracy.  <u>See</u> FOF at 2. |
| Statement 7: "Billy Garcia ordered the murder of Castillo due to him cooperating with law enforcement."<br><br>Declarant: Billy Garcia.<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is not a statement against a co-conspirator, so it is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  <u>See</u> Tr. at 70:13 (Court). |
| Statement 8: "Billy Garcia ordered Garza to be killed for being a former Los Carnales member."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is not a statement against a co-conspirator, so it is not admissible for its truth against members of the conspiracy under rule 801(d)(2)(E).  <u>See</u> Tr. at 70:13 (Court). |

| <u>James</u> Proffer Statement | Ruling |
|---|---|
| Statement 9: "'What the fuck is going on? I sent word a long time ago to clean house.' Billy Garcia was upset Leonard Lujan had not taken charge in the facility."<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001<br><br>Objections: DeLeon. <u>See</u> Tr. at 71. | This statement is admissible for its truth against the members conspiracy under rule 801(d)(2)(E), because it is an attempt to "'induce enlistment or further participation in the group's activities.'" <u>United States v. Alcorta</u>, 853 F.3d 1123, 1137 (10th Cir. 2017)(quoting <u>United States v. Perez</u>, 989 F.2d 1574, 1578 (10th Cir. 1993)). <u>See</u> Tr. at 74:3-6 (Court). |
| Statement 10: "Leroy Lucero received word from Billy Garcia that several hits were supposed to happen. Garcia told him he didn't need help since Lucero was getting out."<br><br>Declarant: Billy Garcia<br><br>Source: Leroy Lucero<br><br>Date: On or before March 26, 2001<br><br>Objections: DeLeon. <u>See</u> Tr. at 74:16-75/75:11 (Gorman). | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E). <u>See</u> Tr. at 76:9-13 (Court).<br><br>As amended, Statement 10 reads: "Garcia told [Lucero] that he didn't need help since Lucero was getting out." |
| Statement 11: "Leroy Lucero confirmed the message that several hits were supposed to happen with Angel Munoz. Munoz said 'Something has to happen Carnal Billy's on his way.'"<br><br>Declarant: Angel Munoz<br><br>Source: Leroy Lucero<br><br>Date: On or before March 26, 2001<br><br>Objections: DeLeon. <u>See</u> Tr. at 76:23-77:11 (Gorman). | This statement, as amended at the hearing, is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E). <u>See</u> Tr. at 77:21-78:3 (Court).<br><br>As amended, Statement 11 reads: "Leroy Lucero confirmed the message that [a hit is] supposed to happen with Angel Munoz. Munoz said 'Something has to happen Carnal Billy's on his way.'" |

| | |
|---|---|
| Statement 12: "Leonard Lujan met with Eugene Martinez and tasked him with the murder of Garza by strangulation and told Martinez to pick people to help."<br><br>Declarant: Leonard Lujan<br><br>Source: Leonard Lujan, Eugene Martinez Date: On or before March 26, 2001 | This statement is not admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E).  See Tr. at 78:5-8 (Court). |
| Statement 13: "Leonard Lujan met with Joe Gallegos, Angel DeLeon, and 'Criminal' and ordered Castillo murdered by strangulation."<br><br>Declarant: Leonard Lujan<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E), provided that there is evidence it was made before Castillo's death.  See Tr. at 78:11-21 (Court). |
| Statement 14: "Billy Garcia wanted knowledge of the plan kept to very few individuals."<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement is not admissible for its truth against the members of the conspiracy under rule 801(d)(2)(E).  This is a statement of B. Garcia's then-existing state of mind, however, so it is admissible for its truth under rule 803(3). |
| Statement 15: "Once alarms were sounded and the murders discovered, Billy Garcia congratulated Leonard Lujan with 'Amor.'"<br><br>Declarant: Billy Garcia<br><br>Source: Leonard Lujan<br><br>Date: On or before March 26, 2001 | This statement not admissible under rule 801(d)(2)(E). It is admissible, however, as an implicit statement of B. Garcia's then-existing state of mind, i.e. that he approves of Lujan's work.  See Fed. R. Evid. 803(3). |
| Statement 16: "Frederico Munoz part of the committee that sanctioned the hit on Garza and Castillo. Munoz wanted Garza killed for being Los Carnales."<br><br>Declarant: Billy Garcia<br><br>Source: Federico Munoz | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 81:15-17 (Court, Castellano). |

| | |
|---|---|
| Date: On or before March 26, 2001 | |
| Statement 17: "Ben Clark passed around paperwork on Sanchez's cooperation with police. Stating 'everyone who needs to see it has seen it, get rid of it.'"<br><br>Declarant: Ben Clark<br><br>Source: Ruben Hernandez<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 81:18-20 (Court). |
| Statement 18: "Arturo Garcia wrote to Frankie Gonzales that Brian and Raymond Rascon were to take care of the next murder for SNM."<br><br>Declarant: Arturo Garcia<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |
| Statement 19: "Ben Clark put Javier Alonso in charge of making sure Sanchez was killed and told the Rascon brothers to complete the hit."<br><br>Declarant: Ben Clark<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |
| Statement 20: "Word was sent from the green pod that if Sanchez was not killed, others in the Blue pod would be killed."<br><br>Declarant: FNU [First Name Unknown] LNU [Last Name Unknown]<br><br>Source: Javier Alonso<br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |

| | |
|---|---|
| Statement 21: "Edward Troup was told to go help with Sanchez's murder."<br><br>Declarant: Javier Alonso<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |
| Statement 22: "While Edward Troup and Javier Alonso were finishing killing Sanchez, Brian and Raymond Rascon came and asked if they could help."<br><br>Declarant: Brian Rascon and/or Raymond Rascon<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |
| Statement 23: "Javier Alonso told the Rascon brothers to keep a look out when the brothers asked if they could help."<br><br>Declarant: Javier Alonso<br><br>Source: Javier Alonso<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |
| Statement 24: "Edward Troup kissed Javier Alonso on the cheek and told him he was proud of him."<br><br>Declarant: Edward Troup<br>Source: Javier Alonso | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |

| | |
|---|---|
| Statement 25: "After Sanchez was murdered, Edward Troup began telling Ruben Hernandez that he was next."<br><br>Declarant: Edward Troup<br><br>Source: Javier Alonso; Ruben Hernandez<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |
| Statement 26: "Arturo Garcia sent word about Sanchez to Ben Clark."<br><br>Declarant: Arturo Garcia<br><br>Source: Ben Clark, Eric Duran<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |
| Statement 27: "Ben Clark and Arturo Garcia sent several letters about Sanchez to each other."<br><br>Declarant: Arturo Garcia<br><br>Source: Ben Clark<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |
| Statement 28: "Javier Alonso and Edward Troup were expected to oversee the murder, and Troup told the Rascon brothers to hit Sanchez."<br><br>Declarant: Ben Clark<br><br>Source: Ben Clark<br><br>Date: On or before June 17, 2007 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |
| Statement 29: "Leonard Lujan told Willie Amador and Jesse Ibarra to 'handle that' and told Eugene Martinez that 'I'm running this prison now.'"<br><br>Declarant: Leonard Lujan<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | The United States does not offer this statement for its truth under rule 801(d)(2)(E).  See Tr. at 82:1-3 (Court, Castellano). |

| | |
|---|---|
| Statement 30: "Christopher Chavez heard about the hit on Garza and volunteered to participate in the operation."<br><br>Declarant: Chris Chavez<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 31: "Willie Amador told Eugene Martinez to be lookout during the Garza murder and stated, 'If something happens, you already know.'"<br><br>Declarant: Willie Amador<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | The United States does not offer this statement for its truth under rule 801(d)(2)(E). See Tr. at 82:1-3 (Court, Castellano). |
| Statement 32: While strangling Garza someone in the room yelled 'Close the door!'"<br><br>Declarant: Allen Patterson or Christopher Chavez<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | |
| Statement 33: "Leonard Lujan approached Eugene Martinez and told him to talk to Willie Amador about the murders."<br><br>Declarant: Leonard Lujan<br><br>Source: Eugene Martinez<br><br>Date: On or before March 26, 2001 | |